**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
SABRINA EVERSON,

                              Plaintiff,          **No. _____**

                            -against-             **COMPLAINT**

UNITED STATES DEPARTMENT OF
JUSTICE AND UNITED STATES
BUREAU OF PRISONS,

                            Defendants.
---------------------------------------------------------x

Plaintiff Sabrina Everson, by her attorneys David B. Rankin and Regina Powers of Beldock, Levine & Hoffman, LLP for her complaint, does hereby state and allege:

**PRELIMINARY STATEMENT**

1. On December 15, 2021, Bobby Everson Jr. ("Mr. Everson") died while in the custody of the Federal Bureau of Prisons' United States Penitentiary Thomson. Mr. Everson was 36 years old and nearing completion of his prison sentence.

2. At USP Thomson, Mr. Everson was in near constant lockdown in a cell with a cellmate that was so crammed and tight that a toilet was right next to the bed.

3. USP Thomson was dangerously crowded, and incarcerated people in the unit where Mr. Everson was confined were often double-bunked while in lockdown.

4. Guards on Mr. Everson's unit locked the incarcerated men in his unit in hard restraints, or shackles. This practice was so ubiquitous that the scars people received from the restraints were nicknamed the "Thomson tattoo."

5. Guards shackled Mr. Everson in these restraints, leaving scars on his ankles, wrists, and abdomen.

6. Guards at Thomson placed Mr. Everson in a cell with an incarcerated person who was dangerous and a threat to Mr. Everson's life and failed to protect Mr. Everson from the obvious threat to his life from his cellmate.

7. Mr. Everson then died of suspected homicide by blunt force.

8. Since 2019, several incarcerated people have died—five suspected homicide and two by suicide—in the unit of USP Thomson where Mr. Everson was confined.

9. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §§552 *et seq.*, seeking the production of agency records improperly withheld by Defendant United States Department of Justice ("DOJ"), specifically its component Defendant United States Bureau of Prisons ("BOP"), in response to requests properly made by Plaintiff.

10. Plaintiff seeks an injunction requiring Defendant to release the requested records.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction of the FOIA claim and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

12. Venue is proper as the records exist on databases within this district.

13. BOP and DOJ improperly denied Plaintiff' requests. Plaintiff has exhausted all administrative remedies pursuant to 5 U.S.C. § 522(a)(6)(A)(i)(III)(bb).

## PARTIES

14. Plaintiff Sabrina Everson is the mother of Bobby Everson Jr. and a resident of Rochester, New York.

15. Defendant DOJ is an agency within the meaning of 5 U.S.C. §§ 551(1) & 552(f)(1). The DOJ has possession and control over some of all of the requested records.

16. Defendant BOP is an agency within the meaning of 5 U.S.C. §§ 551(1) & 552(f)(1). Defendant BOP is a component of DOJ. The BOP has possession and control over some of all of the requested records.

## FACTUAL BACKGROUND

1. On January 11, 2022, Plaintiff submitted a FOIA request (Request No. 2022-01789) (hereinafter "Request") to BOP. Request No. 2022-01789 is attached hereto as Exhibit ("Ex.") A.

2. This request seeks documents related to Bobby Everson, Jr., who was incarcerated at United States Penitentiary ("USP") Thomson in 2021 and 2022. Ms. Everson requests the records regarding Mr. Everson's incarceration at USP Thomson and records related to his death while in the custody of the BOP at USP Thomson on December 16, 2021.

3. On January 21, 2022, the BOP acknowledged the Request and gave the itself a ten-day extension, stating the agency would respond by February 10, 2022. The acknowledgment letter is attached hereto as Exhibit B.

4. On February 10, 2022, the BOP failed to respond.

5. On February 17, 2022, counsel for Plaintiff made a request via email to the BOP's FOIA unit to request a timeframe on when Plaintiff would receive the responsive records. The email is attached hereto as Exhibit C.

6. That same day, February 17, 2022, the BOP responded to the email and stated, "Currently, records custodians are searching for records responsive to your request." The BOP also stated, "We are unable to provide an expected date for completion." The email is attached hereto as Exhibit D.

7. On May 11, 2022, Plaintiff submitted a timely administrative appeal to the BOP for its constructive denial of the January, 11, 2022 Request. Plaintiff's appeal is attached hereto as <u>Exhibit E</u>.

8. On June 30, 2022, the BOP denied Plaintiff's internal appeal stating that Plaintiff may only internally appeal after "there has been an adverse determination by a component." The BOP wrote that no such determination had been made but wrote that the BOP "is still processing your request with a response to be forthcoming with an estimated completion date of July 1, 2022." The BOP's correspondence is attached hereto as <u>Exhibit F</u>.

9. The BOP did not issue a response or produce records on July 1, 2022.

10. On September 16, 2022, the BOP denied Plaintiff's internal appeal and applied broad exemptions to all records that Plaintiff requested, arguing such records are "categorically exempt." <u>Exhibit G</u>.

11. In the denial, the BOP argued it was not required to search for the records that Plaintiff requested and confirmed it was withholding the records in full due to law enforcement proceedings, claiming exemption 5 U.S.C. §552(b)(7)(A). *See* Ex. G.

12. On December 15, 2022, Plaintiff timely filed an administration appeal of the BOP's September 16, 2022 blanket denial. Plaintiff's appeal is attached hereto as <u>Exhibit H</u>.

13. Plaintiff noted in her administrative appeal that the law enforcement exemption the BOP claimed only allows agencies to withhold "records or information compiled for law enforcement purposes, but only to the extent that production of such law enforcement records or information(A) could reasonably be expected to interfere with enforcement proceedings…" Ex. H at 2.

14. Plaintiff's administrative appeal alerted the BOP that it failed to meet its burden of establishing a distinct harm reasonably expected to result if records were disclosed and noted that

the BOP must provide sufficient information for the court to decide whether disclosure will actually threaten ongoing enforcement proceedings. *Id*. at 2–3.

15. The DOJ Office of Internal Information Policy issued an untimely denial of Plaintiff's internal appeal on February 9, 2023. <u>Exhibit I</u>.

16. The DOJ argued that "it is reasonably foreseeable that disclosure would harm the interest protected by" the law enforcement exemption claimed and stated the records were compiled for law enforcement purposes without further details. *Id*. at 1.

17. To date, the BOP has not produced any of the requested records.

**FIRST CAUSE OF ACTION**
Violation of the Freedom of Information Act
Failure to Make Records Available

17. Plaintiff repeats, realleges, and incorporates the foregoing paragraphs as if set forth herein.

18. Defendants failed to timely respond to or produce the records that Plaintiff requested within twenty business days of receiving each request as required by the FOIA, 5 U.S.C. § 522(a)(6)(A)(i),(ii).

19. Defendants' failure to promptly make available the records Plaintiff sought, withholding of specific responsive records, or portions thereof, and failure to conduct a search for records violates FOIA and Defendants' corresponding regulations. 5 U.S.C. §§ 522(a)(2)-(3) and 522(a)(6)(A)(i).

20. Plaintiff has exhausted all applicable administrative remedies.

21. Plaintiff is entitled to injunctive relief with respect to the prompt disclosure of the requested records.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully request that this Court:

A. Order Defendant to conduct a thorough search for all records responsive to Plaintiff's Request and demonstrate that it employed search methods reasonably calculated to uncover all records responsive to Plaintiff's Request;

B. Issue a declaration that Plaintiff are entitled to disclosure of the records responsive to Plaintiff's Request;

C. Order Defendant to immediately process all records responsive to Plaintiff's Request;

D. Order Defendant to disclose all non-exempt records responsive to Plaintiff's Request in their entirety, as well as all non-exempt portions of responsive records;

E. Order Defendant to promptly provide an index pursuant to *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), and its progeny, inventorying all responsive records and itemizing and justifying all withholdings of responsive documents;

F. Award Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

G. Grant such other relief as the Court may deem just and proper

Dated: February 22, 2023
New York, New York

Respectfully submitted,

By:_____
David B. Rankin
Regina Powers
Beldock, Levine & Hoffman, LLP
99 Park Avenue, PH/26th Fl.
New York, New York 10016
212-277-5825
DRankin@blhny.com
RPowers@blhny.com